# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **DORSHANNI J. KELLY and DORRIS J. KELLY,** | ) ) ) ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) ) ) CIVIL ACTION NO. _____ |
| **WELLS FARGO HOME MORTGAGE, INC.,** | ) ) ) ) ) |
| **Defendant.** | ) ) ) |

## NOTICE OF REMOVAL

COMES NOW defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1], by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, hereby gives notice of removal of this action from the Circuit Court of Lowndes County, Alabama, to the United States District Court for the Middle District of

---

[1] Wells Fargo Bank, N.A. is the successor-by-merger to Wells Fargo Home Mortgage, Inc.

61618787 v1

Alabama, Northern Division. In support thereof, Wells Fargo respectfully shows unto the Court as follows:

## I. <u>INTRODUCTION</u>

1. On June 18, 2025, Plaintiffs Dorshanni J. Kelly and Dorris J. Kelly (collectively, "Plaintiffs") filed a complaint against Wells Fargo in the Circuit Court of Lowndes County, Alabama, Case No. 45-CV-2025-900037.00. (*See* Complaint, attached hereto with the state court file as **<u>Exhibit A</u>**.)

2. In their Complaint, Plaintiffs allege that they "maintained a mortgage account . . . with Wells Fargo" that accrued annual interest "ranging between 26.40% and 29.24%." (Complaint at ¶¶ 4-5.) After they "received a check from Wells Fargo Customer Care in the amount of $5,289.55" on September 18, 2024, Plaintiffs purportedly learned that "Wells Fargo had been charging [the] account and placing money in the amount of $63.00 per month into an account that neither of the Plaintiffs knew about or approved." (*Id.* at ¶¶ 6, 9.)

3. Plaintiffs aver that "from on or about October 17, 2007 to March 31, 2010," approximately $1,856.00 "was charged to [the] account accruing between 26.40% and 29.24% interest," and that Wells Fargo "held Plaintiffs' money for more than fourteen years without notifying them that the money had been taken." (*Id.* at ¶¶ 11-12, 15.) Plaintiffs also claim that they later "attended a non-binding mediation

whereby [Wells Fargo] paid Plaintiffs an additional $3,000 which did not preclude Plaintiffs from filing suit." (*Id*. at ¶ 18.)

4. Based upon these allegations, Plaintiff advance claims against Wells Fargo for conversion (Count One) and fraudulent concealment (Count Two). (*Id*. at pp. 4-5.)

5. As for damages, Count One contains the following *ad damnum* clause:

> **WHEREFORE**, Plaintiffs demand judgment against the Defendant in the sum of $1,856.00 plus interest compounded daily at up to 29.24% and continuing as said interest rate for fourteen years plus costs, less any funds received by the Plaintiffs in pre-suit mediation, and an amount of punitive damages that a court may determine to be fair and equitable under the circumstances, but not more than 74,999.00.

(*Id*. at p. 4.)

6. Likewise, the *ad damnum* clause asserted in Count Two provides as follows:

> **WHEREFORE**, Plaintiffs demand judgment against the Defendant in the sum of $1,856.00 plus interest compounded daily at up to 29.24% less funds paid in mediation and continuing as said interest rate for fourteen years plus costs, less any funds received by the Plaintiffs in pre-suit mediation, and an amount of punitive damages that a court may determine to be fair and equitable under the circumstances, but less than 74,999.00.

(*Id*. at p. 5.)

7. Although Wells Fargo vigorously disputes the allegations and claims contained in Plaintiff's Complaint, those claims are nevertheless a proper foundation

for federal jurisdiction under 28 U.S.C. § 1332, as the parties are diverse and the amount-in-controversy requirement is satisfied.

8. Accordingly, this action could have originally been brought in this Court and is now properly removed to this Court. 28 U.S.C. § 1441(a).

## II. BASIS FOR REMOVAL

9. Diversity jurisdiction exists when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here.

**A.   The Parties are Completely Diverse.**

10. Jurisdiction under 28 U.S.C. § 1332 requires "complete diversity"; the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

11. For purposes of diversity jurisdiction, "a national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (discussing 28 U.S.C. § 1348). Wells Fargo is a national bank with its main office in Sioux Falls, South Dakota. Thus, Wells Fargo is a citizen of South Dakota.

12. According to the Complaint, both Plaintiffs reside in Lowndes County, Alabama. (*See* Complaint at ¶¶ 1-2.) Upon information and belief, Plaintiffs are

residents of Alabama, are domiciled in Alabama, intend to remain in Alabama, and are thus citizens of Alabama. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship is equivalent to domicile for purposes of diversity jurisdiction. . . . And domicile requires both residence in a state and an intention to remain there indefinitely.") (quotations omitted).

13. Because Wells Fargo is a citizen of South Dakota and Plaintiffs are citizens of Alabama, there is complete diversity among the parties.

**B.    The Amount-in-Controversy Requirement is Satisfied.**

14. When diversity jurisdiction provides the grounds for removal, the amount in controversy is typically "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2); *see DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 432 (11th Cir. 2019). However, where "the initial pleading seeks . . . a money judgment but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is proper if the removing defendant shows, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1446(c)(2)(A-B).

15. As such, the longstanding federal rule for determining the amount in controversy is to first examine the plaintiff's complaint. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Although the notice of removal must articulate the basis for diversity jurisdiction, "a removing defendant is not

required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id*. Importantly, "'the pertinent question is what is <u>in controversy</u> in the case, not how much the plaintiffs are ultimately likely to recover' as a result of the lawsuit." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917 (11th Cir. 2019) (quoting *Pretka*, 608 F.3d at 751) (emphasis in original).

16. In their Complaint, Plaintiffs seek judgment against Wells Fargo in the amount of $1,856.00, plus compound interest at an annual rate of 29.24% accruing over fourteen (14) years. This amount alone easily exceeds the $75,000.00 amount-in-controversy threshold, to say nothing of Plaintiffs' additional claim for punitive damages. Moreover, Plaintiffs fail to effectively disclaim their right to recover an amount in excess of $75,000.00. Thus, the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied.

**i.      The amount specifically demanded by Plaintiffs in their Complaint easily exceeds $75,000.00.**

17. Although 28 U.S.C. § 1332(a) provides that the amount in controversy is calculated "exclusive of interest and costs," the Supreme Court has long held that interest is included in the amount in controversy when it is "an instrumentality in arriving at the amount of damages to be awarded on the principal demand." *Brown v. Webster*, 156 U.S. 328, 329 (1895); *see also Grunblatt v. Unumprovident Corp.*, 270 F.Supp.2d 347, 349 (E.D.N.Y. 2003) ("Although 28 U.S.C. §1332 specifically

mandates the exclusion of interest in determining the amount in controversy, interest is nonetheless included when it is an essential ingredient of the principal claim.").

18.   Accordingly, "interest as such" that "is incurred only because of the delay in payment and is incidental to the main amount claimed"—such as statutory prejudgment interest—is excluded from the amount in controversy, whereas interest owed pursuant to a contractual agreement—such as "interest specified in [a] note during the period before maturity"—is included in the calculation. *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 173-74 (1st Cir. 1979) (discussing *Brown*, 156 U.S. at 329-30); *see also Whisenant v. Sheridan Prod. Co., LLC*, 627 F. App'x 706, 709 (10th Cir. 2015); *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir.1994) ("[W]here . . . interest is owed as part of an underlying contractual obligation, unpaid interest becomes part of the principal for jurisdictional purposes."); *Principal Mut. Life Ins. Co. v. Juntunen*, 838 F.2d 942, 943 (7th Cir. 1988) ("'Interest' for purposes of § 1332(a) is a sum that becomes due because of delay in payment.").

19.   In line with this, district courts within the Eleventh Circuit have ruled that when claimed interest is included as a term of the contract between the parties and does not accrue merely as a result of a delay in payment, that contractual interest is properly included in the amount-in-controversy calculation. *See, e.g., SCP Distributors LLC v. USA Wildcat Inv. Grp., LLC*, No. 6:24-CV-257-ACC-LHP,

2024 WL 4554693, at *3 n.5 (M.D. Fla. Sept. 25, 2024) ("Interest integral to the contract is also appropriate to include in determining the amount in controversy."); *Vanderbilt Mortg. & Fin., Inc. v. Crosby*, No. CA 14-00259-KD-C, 2014 WL 5456544, at *2 n.4 (S.D. Ala. Oct. 27, 2014) (holding that where "the parties agreed that once the contract was executed the Seller would begin applying a monthly finance charge at an annual rate of 11.20% . . . the interest or finance charges that accrued were 'an integral part of the [Defendants'] total obligation,' and those funds should be aggregated with the principal when determining the amount in controversy" (citation omitted)).

20. Here, Plaintiffs claim that if the funds that were allegedly improperly withdrawn from their account from "October 17, 2007 to March 31, 2010" had remained in the account, those funds would have accrued interest. (Complaint at ¶ 11.) Moreover, Plaintiffs allege that they "had no knowledge" of these withdrawals "for fourteen years until they received a check from Wells Fargo on or about September 18, 2024." (*Id*. at ¶ 17.)

21. Plaintiffs' claim is thus not for "[i]nterest imposed as a penalty for delay in payment" but rather "interest exacted as the agreed-upon price for the hire of money." *See Brainin v. Melikian*, 396 F.2d 153, 155 (3d Cir. 1968). Put differently, "[t]he interest claimed by [ ] Plaintiff[s] here is properly included for purposes of determining the amount in controversy because it is not a penalty for a delay in

payment, but a critical part" of the purported account agreement between Plaintiffs and Wells Fargo. *See Vanderbilt Mortg. & Fin.*, 2014 WL 5456544, at *2 n.4 (citing *Brainin*, 396 F.2d 153 at 154-55).

22. Plaintiffs' demand for "$1,856.00 plus interest compounded daily at up to 29.24% and continuing a[t] said interest rate for fourteen years" asserted in each *ad damnum* clause equates to approximately $111,094.90.[2] (*See* Complaint at pp. 4-5.) As a result, the value of the relief sought by Plaintiffs far exceeds $75,000.00, easily satisfying the amount-in-controversy requirement. 28 U.S.C. § 1332(a).

23. Moreover, "in 'determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a

---

[2] The accepted mathematical formula for calculating compound interest is as follows:

$$A = P\left(1 + \frac{r}{n}\right)^{nt}$$

where (1) "A" is the final amount over the set interest period; (2) "P" is the initial principal amount; (3) "r" is the interest rate per time period, expressed as a decimal value; (4) "n" is the number of times interest is compounded per time period; and (5) "t" is the number of time periods. *See, e.g., Walbridge Aldinger LLC v. Carter*, No. 1:20-CV-2749-MHC, 2021 WL 12300159, at *4 n.6 (N.D. Ga. Sept. 17, 2021).

Here, (1) P = $1,856.00; (2) r = 0.2924; (3) n = 365, as compounded daily; and (4) t = 14, yielding:

$$A = \$1{,}856.00 \left(1 + \frac{0.2924}{365}\right)^{5{,}110}$$

legal certainty that such cannot be recovered.'" *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009) (quoting *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987)).

24. In addition to their quantified damages for $1,856.00 and accrued interest, Plaintiffs seek an unspecified amount of punitive damages from Wells Fargo. (*See* Complaint at pp. 4-5.) If proven, Plaintiffs' claims for conversion and fraudulent concealment would allow for recovery of punitive damages, making it even more likely that the value of their claims exceeds $75,000.00. *See Indus. Techs., Inc. v. Jacobs Bank*, 872 So. 2d 819, 826 (Ala. 2003); *Liberty Nat. Life Ins. Co. v. Sanders*, 792 So. 2d 1069, 1078 (Ala. 2000).

25. Based upon Plaintiffs' own description of their damages, combined with the unspecified punitive damages Plaintiffs have placed at issue, the amount in controversy exceeds the jurisdictional requirement of $75,000.

### ii. Plaintiffs have not placed any binding limitation on the damages they may recover.

26. After enumerating the damages they seek from Wells Fargo, Plaintiffs tack the following qualifier onto the end of the *ad damnum* clause in Count One: "but not more than [$]74,999.00." (Complaint at p. 4.) Similarly, the *ad damnum* clause in Count Two concludes with: "but less than [$]74,999.00." (*Id.* at p. 5.) However, neither statement places an effective limitation on the amount of recoverable damages, and thus does not operate to limit the amount in controversy.

27. To begin, Alabama law "permits recovery of damages exceeding the amount claimed in the *ad damnum* clause." *Harris v. Aghababaei*, 81 F. Supp. 3d 1278, 1281 (M.D. Ala. 2015) (citing Ala. R. Civ. P. 54(c)). In their Complaint, Plaintiffs merely state that some aspect of their "demand [for] judgment" is "less than" or "not more than [$]74,999.00." (*See* Complaint at pp. 4-5.) Nowhere, however, do Plaintiffs "specify that they would each categorically refuse to accept any award above" $74,999.00. *See McKenzie v. Auction.com*, 644 F. Supp. 3d 994, 998 (M.D. Ala. 2022).

28. The qualifiers in the Complaint's *ad damnum* clauses thus have little bearing on the amount-in-controversy analysis, as Plaintiffs would not be "bound by their commitment not to seek more than $74,999 and could recover well in excess of that amount." *See id.*; *see also Hendrix v. State Farm Fire & Cas. Co.*, No. 1:25-CV-00112-RAH-CWB, 2025 WL 1616375, at *3 (M.D. Ala. June 6, 2025) (same); *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (stating that plaintiffs "must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that [they] will never accept more. Otherwise, a plaintiff will find herself in a federal court.").

29. Further, even if such modifying language could effectively limit *some* of the damages Plaintiffs seek, it cannot be fairly read as applying to the *entirety* of Plaintiffs' demand for damages. As discussed *supra*, Plaintiffs' demand for

"$1,856.00 plus interest compounded daily at up to 29.24% and continuing at said interest rate for fourteen years" equates to $111,094.90. (*See* Complaint at pp. 4-5.) Plaintiffs also allege that received $3,000.00 in "a non-binding mediation" prior to initiating this action. (*Id.* at ¶ 18.)

30. Accordingly, the Complaint's *ad damnum* clauses read as follows:

> **WHEREFORE**, Plaintiffs demand judgment against the Defendant in the sum of [$111,094.90] plus costs, less [$3,000.00], and an amount of punitive damages that a court may determine to be fair and equitable under the circumstances, but not more than [$]74,999.00.
>
> \*   \*   \*
>
> **WHEREFORE**, Plaintiffs demand judgment against the Defendant in the sum of [$111,094.90] plus costs, less [$3,000.00], and an amount of punitive damages that a court may determine to be fair and equitable under the circumstances, but less than [$]74,999.00.

(*See id.* at pp. 4-5.)

31. Clearly, the only sensible reading of the Complaint is that Plaintiffs seek judgment against Wells Fargo for $108,094.90 ($111,094.90 minus $3,000.00), *as well as* up to $74,999.00 in punitive damages. Otherwise, Plaintiffs' demand would nonsensically provide that they seek at least $108,094.90, but not exceeding $74,999.00.

32. Accordingly, the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional requirement of $75,000.00. Removal is therefore proper

under 28 U.S.C. § 1332 and § 1446. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

### III. PROCEDURAL REQUIREMENTS

33. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, are attached hereto as **Exhibit A**.

34. Service of the Summons and Complaint was accomplished upon Wells Fargo on June 25, 2025. Accordingly, this Notice of Removal is timely filed within the timeframe specified by 28 U.S.C. § 1446(b).

35. Wells Fargo has heretofore sought no similar relief.

36. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, Northern Division, the federal district and division embracing the place where the state court case was filed, as required by 28 U.S.C. §§ 1332 and 1441(a).

37. Contemporaneously with the filing of this Notice of Removal, Wells Fargo has filed a copy of the same with the Clerk of the Circuit Court of Lowndes County, Alabama, and a Notice of Filing Notice of Removal, as required by 28 U.S.C. § 1446(d). Written notice of the filing of this Notice of Removal has also been served upon the Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** Wells Fargo prays that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Lowndes County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted this 25th day of July, 2025.

*s/ R. Frank Springfield*
R. Frank Springfield (SPR024)
Nathaniel F. Oehl (OEH001)

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringfield@burr.com
noehl@burr.com

*Attorneys for Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system and has been served on the following by Notice of Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this the 25th day of July, 2025:

Arlene M. Richardson
Richardson Legal Center, L.L.C.
P.O. Box 06
Highland Home, AL 36041
(334) 537-9011
arlawyer@mon.cre.net
*Attorney for Plaintiffs*

                                          *s/ R. Frank Springfield*
                                          OF COUNSEL