IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DORSHANNI J. KELLY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-568-ECM |
| | ) | [WO] |
| WELLS FARGO HOME | ) | |
| MORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

This case involves a dispute over $1,856. It was originally filed in state court but Defendant removed on the basis of diversity jurisdiction. (*See* doc. 1). The Court held a hearing on April 2, 2026, to discuss the Court's subject matter jurisdiction. (*See* doc. 22). Based on the Court's review of the record and the representations made by counsel at the hearing, this case is due to be REMANDED.

**I. BACKGROUND**

On June 18, 2025, Plaintiffs sued Defendant in the Circuit Court of Lowndes County for conversion and fraudulent concealment. (*See* doc. 1-1). The basis of their claims was that Defendant improperly charged $63.00 to Plaintiffs' mortgage account each month for roughly three years, from October 2007 until March 2010. (*Id.* at 8, para. 11). Plaintiffs allege that their mortgage had a "9.050% [a]nnual interest rate (Annual Percentage Rate/APR) ranging between 26.40% and 29.24%." (*Id.* at 7, para. 5). Plaintiffs demanded $1,856 in compensatory damages "plus interest compounded daily at up to 29.24% and

continuing a[t] said interest rate for fourteen years," apparently believing that they were entitled to the contractual interest rate contained in the mortgage. (*Id.* at 10; *accord id.* at 11).

Defendant removed. (Doc. 1). Taking Plaintiffs at their word that they were seeking $1,856 plus interest at the contractual interest rate, Defendant calculated the amount Plaintiffs demanded to be $111,094.90. (*Id.* at 9).[1] Though the amount in controversy is generally calculated "exclusive of interest," 28 U.S.C. § 1332(a), Defendant cited to a line of cases that espouse a narrow exception to this general rule where the interest "is an instrumentality in arriving at the amount of damages to be awarded on the principal demand." *Brown v. Webster*, 156 U.S. 328, 329 (1895).

The Court was not persuaded and held a hearing on the issue to provide the parties an opportunity to argue the issue. At the hearing, Defendant largely reiterated the argument it advanced in its notice of removal—that the interest is properly considered as part of the amount in controversy. For her part, Plaintiffs' counsel clarified that the interest Plaintiffs sought was prejudgment interest.

## II.  LEGAL STANDARD

The Court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "If at any time before final judgment it appears that the district court lacks

---

[1] Defendant arrived at this figure using the "accepted mathematical formula for calculating compound interest," which is:  $A = P\ (1 + \frac{r}{n})^{nt}$, where "P" is the principal amount, "*r*" is the interest rate, "*n*" is the number of times interest is compounded per time period, and "*t*" is the number of time periods. (Doc. 1 at 9 n.2).

subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added); *see City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). Generally, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). However, where "the court questions[] the defendant's allegation," then the Court must find by the preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 88–89. The defendant, as the removing party, bears this burden. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014).

### III.  DISCUSSION

Defendant has not shown that the amount in controversy requirement is satisfied. Because the Court lacks subject matter jurisdiction over this case, it must remand.

Under the diversity statute, the amount in controversy is calculated "exclusive of interest and costs." 28 U.S.C. § 1332(a). "'[I]nterest' for purposes of § 1332(a) is a sum that becomes due because of delay in payment." *Whisenant v. Sheridan Prod. Co.*, 627 F. App'x 706, 709 (10th Cir. 2015)[2] (quoting *Principal Mut. Life Ins. Co. v. Juntunen*, 838 F.2d 942, 943 (7th Cir. 1998)). There is a narrow exception where the interest a plaintiff seeks to recover is "an instrumentality in arriving at the amount of damages to be awarded on the principal demand." *Brown*, 156 U.S. at 329. But that exception is limited to where

---

[2] Here and elsewhere the Court cites nonbinding authority. Though these cases are not precedential, the Court finds them persuasive.

"interest is owed as part of an underlying contractual obligation." *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994).

The cases Defendant relies on (and others the Court independently located) uniformly emphasize that this exception applies only where the interest is owed to the plaintiff as part of an underlying contractual agreement. *See Whisenant*, 627 F. App'x at 709 (excluding interest that "would arise solely by virtue of [the defendant's] delay in paying th[e plaintiff] royalties"); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979) ("The interest claimed cannot be included as part of the jurisdictional amount because it is incurred only because of the delay in payment and is incidental to the main amount claimed."); *Brainin v. Melikian*, 396 F.2d 153, 155 (3d Cir. 1968) ("[T]he interest claimed here for the period before the maturity of the note is also not incidental or 'accessory' to the main obligation, but an integral part of the total obligation demanded *from defendant by plaintiff*." (emphasis added)); *SCP Distribs. LLC v. USA Wildcat Inv. Grp., LLC*, 2024 WL 4554693, at *1, 3 n.5 (M.D. Fla. 2024) (interest owed *to* the plaintiff *by* the defendant was properly included in amount in controversy because it was "integral to the contract" at issue); *Mid-Atlantic Fin. Co. v. Select Car Co.*, 2015 WL 13357939, at *1, 3 (M.D. Fla. 2015) (considering interest that was owed to the plaintiff under the parties' "Flex Line Program Agreement" because it was "integral to the contract[] and not merely a result of [the p]laintiff's delay in bringing suit" (alteration adopted) (quotation omitted)); *Vanderbilt Mortg. & Fin., Inc. v. Crosby*, 2014 WL 5456544, at *1, 2 n.4 (S.D. Ala. 2014) (including interest owed *to* the plaintiff-mortgagee under the mortgage contract "because it is not a penalty for a delay in payment, but a critical part of the financing agreement for

4

the purchase of the mobile home"); *Lott & Friedland, P.A. v. Creative Compounds, LLC*, 2010 WL 2044889, at *2 (S.D. Fla. 2010) (excluding interest under a "finance fee arrangement" that was merely "a charge for the delay in payment of money").

Some circuits appear to have a slightly broader conception of this exception than others. While some courts exclude contractual interest that accrues after maturity, *see, e.g.*, *Juntunen*, 838 F.2d at 943 (refusing to consider "interest on the cash death benefit" under disputed life insurance policies because the interest accrued after maturity (the insured's death) and was therefore merely "a sum that bec[ame] due because of delay in payment"), others do not, *see, e.g.*, *Transaero*, 24 F.3d at 461 ("[W]here . . . interest is owed as part of an underlying contractual obligation, unpaid interest becomes part of the principal for jurisdictional purposes.").[3] *See also Regan v. Marshall*, 309 F.2d 677, 678 (1st Cir. 1962) (excluding all interest "so long as it is an incident arising solely by virtue of a delay in payment," stating that "it makes no difference whether the interest which is sought accumulated upon the principal obligation sued upon because of contract, or by common law, or by statute, or whether the interest be termed a penalty or damages"). But the interest

---

[3] At least one court in the Second Circuit reads *Transaero* as consciously choosing to read *Brown* broadly. *See Grunblatt v. UnumProvident Corp.*, 270 F. Supp. 2d 347, 350 (E.D.N.Y. 2003) ("[T]he Second Circuit has interpreted the Supreme Court's jurisprudence on this issue as resting on the notion that when interest 'is owed as part of an underlying contractual obligation,' it is part of the principal claim." (alteration adopted) (quoting *Transaero*, 24 F.3d at 461)). But a subsequent decision from that same court reasoned that the *Transaero* court did not "intend[] to lay down so open-ended a rule that indefinitely accruing interest must always be added to the amount in controversy," determining instead that it is only where "'interest' has lost its character as interest" and "become[] really a principal obligation" that it should be included in the jurisdictional amount. *Meding v. Receptopharm, Inc.*, 462 F. Supp. 2d 348, 351–52 (E.D.N.Y. 2006) (quoting *Edwards v. Bates County*, 163 U.S. 269, 272 (1896)). If nothing else, *Transaero* appears an outlier. *See id.* at 350–51 (noting that even the court in *Grunblatt* "recognized that . . . *Transaero* was likely in conflict with the case law from other circuits").

sought by Plaintiffs would not be included under either approach because it was not owed *to* Plaintiffs *by* Defendant under the contract at issue.  Accordingly, their case falls outside the ambit of this limited exception.

From Plaintiffs' complaint, it is apparent that the interest at issue arose "solely by virtue of a delay in payment." *Brainin*, 396 F.2d at 154.  Indeed, Plaintiffs conceded at the hearing that the interest they seek is prejudgment interest—"interest as such." *Velez*, 599 F.2d at 474 (quotation omitted).   After careful consideration of the record and the arguments made by the parties at the hearing,[4] the Court concludes that Defendant has failed to show that the amount in controversy requirement is satisfied.  Accordingly, the Court must remand this case.

### IV.  CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED that this case is REMANDED to the Circuit Court of Lowndes County, Alabama.  The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the remand to the Circuit Court of Lowndes County, Alabama.  It is further

ORDERED that all pending motions are DENIED as moot, and all pending deadlines and hearings are terminated.

---

[4] Defendant also cites Plaintiffs' request for punitive damages, arguing that this "mak[es] it even more likely that the value of their claims exceeds $75,000.00." (Doc. 1 at 10).  But the mere existence of punitive damages, without more, does not help Defendant establish the amount in controversy. *See White v. Regions Bank*, 2025 WL 2648249, at *3 (M.D. Ala. 2025) ("[W]hile a court must consider punitive damages in an amount in controversy inquiry when sought in a complaint, the removing defendant still must establish a dollar amount from which the court can calculate punitive damages.  Failure to establish that baseline amounts to speculation, which does not establish jurisdiction." (citations omitted)).

DONE this 6th day of April, 2026.

               /s/ Emily C. Marks
            EMILY C. MARKS
            UNITED STATES DISTRICT JUDGE